# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CARDULLO,                  ) | |
|                            ) | |
|      Plaintiff,               ) | |
|                            ) | |
| v.                             ) | Case No.      10-v-00292-JHS |
|                            ) | |
| FREMONT GENERAL CORPORATION dba   ) | |
| FREMONT INVESTMENT AND LOAN,      ) | |
| 440 REALTY, INC. dba RE/MAX 440 REALTY, ) | |
| INC., THOMAS LOUGHRIDGE dba 440      ) | |
| REALTY, INC., OCWEN LOAN SERVICING,   ) | |
| LLC, and JOHN DOES 1-10,             ) | |
|                            ) | |
|      Defendants.             ) | |

## MOTION OF DEFENDANTS 440 REALTY, INC.  d/b/a REMAX 440 REALTY, INC. AND THOMAS LOUGHRIDGE TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, 440 Realty, Inc. d/b/a ReMax 440 Realty, Inc. and Thomas Loughridge, by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), 9(b) and 12(e) move this court for an order dismissing Plaintiff's Complaint for failure to state a claim upon which relief may be granted and for a more specific statement. In support of their motion, Defendants incorporate by reference the accompanying Memorandum of Law.

MARGOLIS EDELSTEIN

_____/s/_____
JENNIFER S. COATSWORTH
WILLIAM D. LONGO
ID Nos.: 91107/59826
Attorneys for Defendants, 440 Realty, Inc.
and Thomas Loughridge
MARGOLIS EDELSTEIN
The Curtis Center
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106-3337
215-922-1100

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CARDULLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FREMONT GENERAL CORPORATION dba | ) |
| FREMONT INVESTMENT AND LOAN, | ) |
| 440 REALTY, INC. dba RE/MAX 440 REALTY, | ) |
| INC., THOMAS LOUGHRIDGE dba 440 | ) |
| REALTY, INC., OCWEN LOAN SERVICING, | ) |
| LLC, and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### ORDER

AND NOW, this _____ day of _____ 2010, upon consideration of the Motion

of Defendants, 440 Realty, Inc. d/b/a ReMax 440 Realty, Inc. and Thomas Loughridge to

Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6), 9(b) and 12(e), and upon consideration of

the briefs of the parties, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** and that

Plaintiff's Complaint is **DISMISSED** with prejudice.


BY THE COURT:


_____
                                    U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES CARDULLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FREMONT GENERAL CORPORATION dba | ) |
| FREMONT INVESTMENT AND LOAN, | ) |
| 440 REALTY, INC. dba RE/MAX 440 REALTY, | ) |
| INC., THOMAS LOUGHRIDGE dba 440 | ) |
| REALTY, INC., OCWEN LOAN SERVICING, | ) |
| LLC, and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS 440
REALTY, INC.  d/b/a REMAX 440 REALTY, INC. AND THOMAS LOUGHRIDGE TO
DISMISS PLAINTIFF'S COMPLAINT**

## I.    INTRODUCTION

Defendants 440 Realty, Inc. d/b/a ReMax 440 Realty, Inc. and Thomas Loughridge (hereinafter referred to as "ReMax Defendants" or "Moving Defendants") submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff, James Cardullo's ("Plaintiff") Civil Action Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).   Moreover, Moving Defendants seek dismissal based upon Rule 9(b), which requires a claim of fraud be plead with particularity and Rule 12(e) for a more definite statement.

A true and correct copy of the Complaint is attached as Exhibit "A." Plaintiff has failed to state a claim under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") or the common law theories of fraud and misrepresentation.  Plaintiff has also failed to state a claim

for emotional distress damages.   Accordingly, Moving Defendants respectfully request that the Court dismiss these claims pursuant to the form of Order appended.


## II.      FACTUAL BACKGROUND

This case involves a real estate transaction that occurred in 2004 at a property located in Telford, PA.   Moving Defendants were Plaintiff's realtor and real estate brokerage in the transaction.   The allegations appear to surround Plaintiff's confusion about the terms of his mortgage loan.   Specifically, Plaintiff apparently received copies of the loan documents prior to the settlement and read them incorrectly, or, as he appears to claim, was misinformed as to what the actual terms of the loans would be.   Therefore, Plaintiff allegedly was forced to pay a $7,400 pre-payment penalty when he sold the house a little less than three years later.


## III.     LEGAL STANDARD

When considering a motion to dismiss, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.   *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).   It is well-settled that a pleading is sufficient if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Under the liberal federal pleading rules, it is not necessary to plead every element of the claim.   *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977) (stating that it is unnecessary to plead evidence nor all the facts that serve as basis for claim).

However, though the Federal Rules do not specifically require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of the plaintiff's claim and the grounds upon which it rests.   *Conley v.*

*Gibson*, 355 U.S. 41, 47 (1957).  *See also Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (stating that the plaintiff must provide foundation of case through factual allegations sufficient to raise a right to relief above the speculative level).  To survive a Motion to Dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. at 1955.

In the case at bar, Plaintiff pleads each of the allegations in the Complaint in a cursory and conclusory fashion, and does not provide Moving Defendants with sufficient notice of the specific allegations against them.  He merely pleads the elements of the causes of action he alleges, but does not provide sufficient factual background to support his legal conclusions.

Additionally, pursuant to F.R.C.P. 12(e), a party may file a motion for more definite statement of a Complaint, "which is so vague or ambiguous that the party cannot reasonably prepare a response."  In the case at bar, Plaintiff's Complaint is so vague and ambiguous, presumably to attempt to avoid a Motion to Dismiss on other grounds.

IV.     **ARGUMENT**

A.      **Plaintiff has failed to state a claim in Count I of the Complaint because he cannot prove common law fraud.**

In order to succeed in a cause of action for violation of UTPCPL, a Plaintiff must prove the elements of common law fraud.  Colaizzi v. Beck, 895 A.2d 36 (Pa.Super. 2006).  To prove common law fraud, Plaintiff must demonstrate by clear and convincing evidence: 1) a representation; 2) material to the transaction; 3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; 4) with the intent that the recipient will thereby induced to act; 5) justifiable reliance by the recipient upon the misrepresentation; and 6) damage to the recipient as a proximate result.  Youndt v. First Nat. Bank of Port Allegany, 868 A.2d 539 (Pa. Super. 2005); Blumenstock v. Gibson, 811 A.2d 1029 (Pa. Super. 2002); Bortz v. Noon, 729 A.2d 555 (Pa. 1999).

Plaintiff alleges that Moving Defendant violated the UTPCPL, by allegedly failing to inform Plaintiff that the terms of the mortgage financing had changed since the documentation was provided to Plaintiff to review prior to closing. See Exhibit "A."   Plaintiff further alleges that Moving Defendant violated 73 P.S. §201-1et seq. by engaging in the above alleged "pattern of misconduct," which Plaintiff alleges constitutes "unfair or deceptive practices" within the meaning of the UTPCPL. See Exhibit "A," ¶¶23 and 25.

This argument must fail for several reasons.  First, although Plaintiff quotes from the language of the statute, he has not established the elements of fraud, which are required by the case law interpreting the statute.  Colaizzi v. Beck, 895 A.2d 36 (Pa.Super. 2006).  Specifically, Plaintiff has not alleged a single fact that would indicate Moving Defendant's prior knowledge of the alleged change in terms.   Because Plaintiff has not met one of the necessary elements of fraud, proof, or even allegation of a prior knowledge, a discussion of the remaining elements

required to prove fraud and a violation of the UTPCPL, is not required.  As a matter of law, Plaintiff cannot sustain a cause of action for violation of UTPCPL, and Count I of Plaintiff's Complaint should be stricken with prejudice.

**B.       Count I of Plaintiff's Complaint Should be Stricken for Lack of Specificity**

Federal Rule of Civil Procedure 9(b) sets forth the requirements for pleading a cause of action for fraud.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Plaintiff appears to attempt to plead a common-law fraud claim couched as a claim for violation of the UTPCPL (which requires proof of fraud, as set forth above) in Count I of his Complaint.  However, Plaintiff does not approach the specificity required of a pleading for fraud. There is no mention of the alleged fraudulent actions of the Defendants, and Plaintiff does not provide any details whatsoever, he merely makes a legally conclusive allegation that the Defendants acted fraudulently.  He merely states that the Defendants are in violation of various statutes, but does not delineate which Defendants violated with statutes, or what actions or inactions of each Defendant purportedly violated the provisions of each statute.

Consequently, his claims for fraud and violation of the UTPCPL cannot survive this Motion to Dismiss.  At the very least, Plaintiff should be required to file a more definite Statement of Complaint or an Amended Complaint.

**C.      Plaintiff's Claims for Punitive Damages are Legally Insufficient**

Punitive damages are an extreme remedy available only in the most exceptional matters.

See Martin v. Johns-Manville Corp., 508 Pa. 154, 173, n. 14, 494 A.2d 1088, 1098, n. 14 (1985).

Further, under Pennsylvania Law, punitive damages may be awarded only if a defendant's

conduct is outrageous.  Hutchinson v. Luddy, 2005 Pa.LEXIS 523 (Pa., March 25, 2005); Feld v.

Merriam, 475 A.2d 742 (Pa.1984).   Outrageous conduct for the purposes of determining an

award of punitive damages has been defined as acts done with an evil motive or with reckless

indifference to the rights of others.  Restatement 2nd of Torts, § 908; see also, Feld, supra.

The facts alleged must focus upon the act itself together with all circumstances, including

the motive of the alleged wrongdoer and the relationship between the parties.  Hutchinson v.

Luddy, 2005 Pa.LEXIS 523 (Pa., March 25, 2005); Chambers v. Montgomery, 492 A.2d 355

(Pa. 1963).  To support a claim for punitive damages, allegations must be plead with a high

degree of precision and specificity.   See, Smith v. Brown, 423 A.2d 743 (Pa.Super 1980).

Averments of special damage must be specifically stated.  F.R.C.P. 9(g).

In the case at bar, Plaintiff has failed to allege with sufficient specificity any factual

averments regarding any specific acts or omissions on the part of Moving Defendants that rise to

the level of conduct sufficient to sustain a claim for punitive damages. Furthermore, Plaintiff's

Complaint lacks any factual allegations concerning the motives of Moving Defendants or the

relationship between the Plaintiff and the ReMax Defendants which suggest any evil motive

toward Plaintiff.

Since the Plaintiff has failed to plead any facts which would support a claim Punitive

Damages and has not plead such claims with the specificity required by F.R.C.P. 9(g), all such

claims should be stricken.   Specifically, paragraph 3(d) of Plaintiff's Complaint should be stricken with prejudice.

### D.      Plaintiff's Claims for Attorneys Fees and Costs are Legally Insufficient

Plaintiff asserts entitlement to attorney's fees in paragraphs 3(e) and the WHEREFORE clause of the Complaint contained in Section VI.   It is well established that attorney's fees can only be awarded if there is statutory authority or an agreement of the parties.   Hart v. O'Malley, 781 A.2d 1211 (Pa.Super. 2001).   Here, Plaintiff asserts he is entitled to recover attorney's fees based upon his allegations in the Complaint, which he claims prove liability under the UTPCPL. However, because cannot maintain a cause of action under the UTPCPL, for the reasons set forth above, Plaintiff is not entitled to attorneys fees.

Consequently, Plaintiff may not recover Attorney's fees and paragraph 3(e) and the WHEREFORE clause of the Complaint contained in Section VI should be stricken with prejudice.

### E.      Plaintiff's Claims for Emotional Distress Damages in Paragraphs 3(a)(vi) and 27(1) are legally insufficient

Throughout Plaintiff's Complaint, specifically, in paragraphs 3(a)(vi)and 27(1) Plaintiff alleges that he has suffered "emotional distress and embarrassment" and "emotional distress and pain and suffering" and seeks to be compensated for the same.   See Exhibit "A."   However, it is well-settled law that a Defendant cannot be liable for emotional distress damage alone without any compensable bodily harm.   See, Banyas v. Lower Bucks Hospital, 437 A.2d 1236 (Pa.Super. 1981).

Plaintiff does not allege anywhere in his Complaint any physical injury whatsoever. Lacking physical injury, Plaintiff is unable to recover any damages for emotional distress, and all such claims should be stricken from the Complaint with prejudice.

## V.     CONCLUSION

For all the reasons set forth above, Moving Defendants respectfully request that this Court enter an order in the form appended to dismiss Plaintiff's Complaint with prejudice including the demands for attorney fees and punitive and emotional distress damages for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the alternative, Moving Defendants, 440 Realty, Inc. d/b/a ReMax 440 Realty, Inc. and Thomas Loughridge request this Honorable Court require Plaintiff file an Amended Complaint.

Respectfully Submitted,

MARGOLIS EDELSTEIN

   _/s/_____
JENNIFER S. COATSWORTH
WILLIAM D. LONGO
ID Nos.: 91107/59826
Attorneys for Defendants, 440 Realty, Inc.
and Thomas Loughridge
MARGOLIS EDELSTEIN
The Curtis Center
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106-3337
215-922-1100

<u>**CERTIFICATE OF SERVICE**</u>

I, Jennifer S. Coatsworth, Esquire, hereby certify that a true and correct copy of the within pleading was filed electronically with the Clerk of the United States District Court and is available for viewing and downloading from the Court's ECF system by the following:

Matthew D. Weisberg,  Esquire
PROCHNIAK WEISBERG & POET P.C.
7 South Morton Avenue
Morton, PA 19070

Sandhya M. Feltes, Esquire
Kaplin Stewart
Union Meeting Corp. Center
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA   19422

Respectfully Submitted,

MARGOLIS EDELSTEIN

_/s/_____
JENNIFER S. COATSWORTH
WILLIAM D. LONGO
ID Nos.: 91107/59826
Attorneys for Defendants, 440 Realty, Inc.
and Thomas Loughridge
MARGOLIS EDELSTEIN
The Curtis Center
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106-3337
215-922-1100