# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

JAMES CARDULLO

vs.

FREMONT GENRAL CORPORATION et al

NO. 2009-12916

## CIVIL COVER SHEET

Local Rule 205.2(b) requires this form be attached to any document commencing an action in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

| Commencement of Action: | Amount in Controversy: |
|---|---|
| Complaint | More than $50,000 |

Case Type and Code

Other: _____

Other: UNFAIR TRADE PRACTICES AND CONSUMER

Ex. 1

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

James Cardullo

VS.       : NO.

Fremont General Corporation,
d/b/a Fremont Investment and
Loan, et al

## CIVIL COVER SHEET

Local Rule 205.2(b) requires this form be attached to any document commencing an action in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

| Commencement of Action: (check one) | Amount in Controversy: |
|---|---|
| ☒ Complaint ☐ Petition ☐ Notice of Appeal | ☐ $50,000 or less |
| ☐ Writ of Summons ☐ Transfer From Other Jurisdiction | ☒ More than $50,000 |
| ☐ Declaration of Taking | |

**Case Type and Code** (check the most specific classification ONLY):

| Appeals | Real Property | Negligence |
|---|---|---|
| ☐ DJ – Money Judgment | ☐ Ejectment | ☐ Motor Vehicle |
| ☐ DJ – Landlord/Tenant | ☐ Quiet Title | ☐ Premises Liability |
| ☐ Drivers License Suspension | ☐ Mechanics Lien | ☐ Product Liability |
| ☐ Vehicle Registration Suspension | ☐ Mortgage Foreclosure | ☐ Asbestos |
| ☐ Local Agency | ☐ Partition | ☐ Other Toxic Tort |
| ☐ Board of Assessment | ☐ Replevin | ☐ Other |
| ☐ Zoning/Land Use | ☐ Other | |
| | | **Miscellaneous** |
| **Contract** | **Professional Liability** | ☐ Appointment of Arbitrator |
| ☐ Construction | ☐ Medical | ☐ Class Action |
| ☐ Employment | ☐ Dental | ☐ Confession of Judgment |
| ☐ Other | ☐ Legal | ☐ Debt Collection |
| | ☐ Other | ☐ Eminent Domain |
| **Intentional Tort** | | ☐ Name Change |
| ☐ Assault/Battery | **Equitable Relief** | ☐ Wrongful Death |
| ☐ Libel/Slander | ☐ Declaratory Judgment | |
| ☐ Fraud | ☐ Mandamus | |
| ☐ Other | ☐ Other | |

☒ Other : Unfair Trade Practices and Consumer Protection Law
(specify)

Case# 2009-17916-1 Received at Montgomery County Prothonotary on 08/01/2009 1:40 PM, Fee = $0.00

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

JAMES CARDULLO

vs.

FREMONT GENRAL CORPORATION et al

NO. 2009-12916

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

PROCHNIAK WEISBERG, P.C.
MATTHEW B. WEISBERG
ATTORNEY ID: 85570
REBECCA M STEIGER
ATTORNEY ID: 200875
7 SOUTH MORTON AVE.
MORTON, PA 19070
610-690-0801

| | |
|---|---|
| James Cardullo<br>424 Vine Street<br>Perkasie, PA 18944<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Fremont General Corporation d/b/a<br>Fremont Investment and Loan<br>2727 East Imperial Highway<br>Brea, CA 92821<br><br>And<br><br>440 Realty, Inc. d/b/a<br>RE/MAX 440 Realty, Inc.<br>615 W. Market Street<br>Perkasie, PA 18944<br><br>And<br><br>Thomas Loughridge, d/b/a<br>440 Realty, Inc.<br>615 W. Market Street<br>Perkasie, PA 18944<br><br>And<br><br>Ocwen Loan Servicing, LLC<br>1661 Worthington Rd., Suite 100<br>West Palm Beach, FL 33409<br><br>And<br>John Does 1-10<br>　　　　　Defendants. | MONTGOMERY COUNTY<br>COURT OF COMMON PLEAS<br><br><br>NO.:<br><br>JURY OF TWELVE (12) JURORS DEMANDED |

Case# 2009-12915-0 Received at Montgomery County Prothonotary on 05/01/2009 1:40 PM, Fee = $237.50

## CIVIL ACTION COMPLAINT

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.<br>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br>Montgomery County Bar Association<br>100 West Airy Street<br>P.O. Box 268,<br>Norristown, PA 19404-0268<br>Phone: 610-279-9660<br>Fax: 610-279-4321 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |

2

USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO.

SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO.

Montgomery County Bar Association
100 West Airy Street
P.O. Box 268,
Norristown, PA 19404-0268
Phone: 610-279-9660
Fax: 610-279-4321

3

REINSTATED 12-14-09

PROTHONOTARY DEPUTY/AGENT

PROCHNIAK WEISBERG, P.C.
MATTHEW B. WEISBERG
ATTORNEY ID: 85570
REBECCA M. STEIGER
ATTORNEY ID: 200875
7 SOUTH MORTON AVE.
MORTON, PA 19070
610-690-0801

| | |
|---|---|
| James Cardullo<br>424 Vine Street<br>Perkasie, PA 18944<br>　　　　　Plaintiff,<br><br>vs.<br><br>Fremont General Corporation d/b/a<br>Fremont Investment and Loan<br>2727 East Imperial Highway<br>Brea, CA 92821<br><br>And<br><br>440 Realty, Inc. d/b/a<br>RE/MAX 440 Realty, Inc.<br>615 W. Market Street<br>Perkasie, PA 18944<br><br>And<br><br>Thomas Loughridge, d/b/a<br>440 Realty, Inc.<br>615 W. Market Street<br>Perkasie, PA 18944<br><br>And<br><br>Ocwen Loan Servicing, LLC<br>1661 Worthington Rd., Suite 100<br>West Palm Beach, FL 33409<br><br>And<br>John Does 1-10<br>　　　　　Defendants. | MONTGOMERY COUNTY<br>COURT OF COMMON PLEAS<br><br>NO.:<br><br>JURY OF TWELVE (12) JURORS DEMANDED |

Case# 2009-12935-0 Received at Montgomery County Prothonotary on 05/01/2009 1:40 PM, Fee = $237.50

4

12/21/09
A. Esher
DEPUTY PROTHONOTARY

## CIVIL ACTION COMPLAINT

### I. Preliminary Statement

1. Otherwise known as an action in "Predatory Lending," this is an action alleging, *inter alia*, unfair or deceptive acts and practices ("UDAP"), as well as regulatory and statutory violations specifically pertaining to lending and collections, and common law liability.

2. "Predatory Lending" is a term describing lending practices in accordance with the following general description (which is paraphrased from a fact sheet available at: http://www.cohhio.org/predatoryfactsheets.html):

> Predatory lenders target specific populations (usually low-income, minority, and/or elderly homeowners) with high pressure marketing techniques, charge excessive fees, frequently refinance or "flip" the loan, and often times mislead the borrower. Predatory lenders are literally harvesting the equity that homeowners have built up over the years. By loading the loan with excessive fees, high interest rates, and pricey insurance premiums on the front end, predatory lenders are all but ensuring themselves a pay-off. In many ways, it's a win-win situation for the lender and a lose-lose situation for the borrower. If the borrower makes the monthly loan payments, which are often times inflated by excessive fees, high interest rates, and pricey insurance premiums, the lender is making a profit. If the borrower is unable to make the monthly payments, the lender forecloses and sells the house for a profit. Predatory lenders go beyond risk-based pricing, and instead set loan terms high above what they need to offset costs and earn a return that compensates for the increased risk. This is typically done through high interest rates, high points, high origination fees, unnecessary credit life insurance, and other unnecessary or unlawful additions to the loan. While many of the loan terms described below may not be predatory on their own, the failure of the lender to fully disclose to the borrower the risk or cost associated with each individual term can make the loan unaware, especially if the borrower is unaware that better terms may be available. By structuring the debt with excessive or concealed fees and interest rates (beyond those needed to cover costs and reasonable, risk-adjusted returns), by

5

"packing" and financing these excessive fees, and by "flipping" or frequently refinancing with fees being rolled back into the loan, some lenders are able to exploit low-income, minority, and elderly homeowners. Predatory lending practices can and do include both specific types of loan terms as well as overly aggressive marketing and deceptive or fraudulent practices on the part of lenders. These practices raise serious community reinvestment, fair housing and fair lending concerns, largely because banks and their mortgage or finance companies market and target certain communities for higher priced, lower quality products.

3. This action seeks, *inter alia*:

   a. Actual and compensatory damages;
      i. Return of all closing and related costs, including appraisal fee and pre-paid finance charges;
      ii. Return of all interest charged;
      iii. Reimbursement of all diminished or lost real estate equity;
      iv. Payment of all related profits, including yield spread premium and commission;
      v. Payment of the difference between the actual, and the promised or true amount financed (i.e., the difference between the actual, and the promised or true interest rate);
      vi. Emotional distress, and pain and suffering;
      vii. Wage loss and loss of earning capacity; and
      viii. Such other further direct or consequential damages as are known or may become known during discovery or at trial.

   b. Equitable/Injunctive relief;
      i. Stay of or relief from any pending collection action or activity, including foreclosure, judgment or sheriff's sale/possession;
      ii. Rescission and voiding of any mortgage or like interest;
      iii. Waiver/forgiveness of any claimed debt/arrearage; and
      iv. Credit repair.

   c. Statutory penalties;

   d. Exemplary relief, including treble and punitive damages; and

   e. Attorneys' fees and costs.

6

4    Individually, and jointly and severally, this action requests relief for, *inter alia*, the facts stated or inferred, which are averred upon information and belief or averred as believed will become known in discovery or at trial.

5    This action may rely on the "Discovery Rule."

6.   Each and every averment herein is incorporated throughout as if fully set forth at length.

II.   **Parties**

7.   Plaintiff, James Curdullo ("Mortgagor" or "Curdullo"), is an adult individual and is currently residing at the above-captioned address.

8.   Defendant, Fremont General Corporation, doing business as Fremont Investment and Loan, ("Originating Lender"), is a duly incorporated corporation under and by virtue of the laws of the State of Delaware, maintaining a principal place of business at the above captioned address, at all times material acting as the subject originating lender.

9.   Defendant, 440 Realty, Inc., doing business as Re/Max 440 Realty, Inc. ("Realty"), is a corporation under and by virtue of the laws of the Commonwealth of Pennsylvania, maintaining a principal place of business at the above captioned address, at all times material acting as the Plaintiff's Realty.

10.  Defendant, Thomas Loughridge ("Loughridge"), doing business as 440 Realty, Inc. is an adult individual doing business at the above captioned address, is believed a citizen residing in the state above-captioned, and at all times material was acting in the course and scope of employment as a principal of and doing business as the subject mortgage Realty.

7

11. Defendant, Ocwen Loan Servicing, LLC ("Servicer"), is a corporation under and by virtue of the laws of the State of Florida, maintaining a principal place of business at the above captioned address, at all times material acting as the subject mortgage servicer.

12. Defendants, John Does 1-10, is a moniker for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every Count and averment listed above and below.

III. Operative Facts

13. At all times material, Plaintiff was a borrower and mortgagor subject and party to a mortgage and note (collectively "loan"), dated August 23, 2004 ("Closing") for 54 West Hamlin Avenue, Tolford, PA 18969 ("Premises").

14. Days prior to the purchase, Plaintiff reviewed the closing documents at Realty and Loughridge's office

15. Loughridge provided the documents to Plaintiff so that Plaintiff could review the documents prior to the closing to ensure that Plaintiff understood and agreed with the terms contained therein.

16. The documents provided to Plaintiff show loan with Defendant, originating Lender, that included a two (2) year prepayment agreement, consistent with Plaintiff's previous discussions with Loughridge. (Exh. A).

17. Plaintiff proceeded to closing relying on Loughridge's assertion that the documents at closing would mirror the documents Plaintiff provided by Realty and Loughridge

5

18. At closing, Plaintiff signed all the documents relying on Loughridge's misrepresentation that the documents were the same as previously provided to Plaintiff.

19. In or around 2007, Plaintiff decided to sell the Premises after a divorce.

20. Upon the sale, on or about May 1, 2007, Plaintiff discovered that the prepayment penalty included in his mortgage was actually a three (3) year prepayment penalty rather than the two (2) year penalty that Plaintiff had been informed of and agreed to. (Exh. B)

21. Without knowledge of the three year prepayment penalty, Plaintiff sold the premises within three years of taking out the loan

22. The sale was approximately four (4) months prior to the end of the pre-payment period.

23. Had plaintiff known of the existence of the pre-payment penalty, Plaintiff would have waited on the non-essential sale.

24. As a result, Plaintiff was forced to pay a sum of approximately $7,400.00 on or about May 1, 2007, due to the concealed prepayment penalty.

A. Loan Assignment and Servicing

25. Thereafter the Closing, the loan was sold by Originating Lender to Servicer, who is liable therefore and thereunder by written agreement and as a matter of law.

26. The foregoing additionally inured to Plaintiff's ultimate detriment.

D. Injuries

27. As a result of the foregoing, Plaintiff has suffered injuries including, but not limited to: (1) pain and suffering, including emotional distress and embarrassment; (2) damage to credit rating and credit impairment; (3) financial loss(es), including lost opportunity(ies) and equity; (4) loss of use of the premises; (5) attorneys fees and court costs; and (6) such other and further

9

Injuries as will be determined in discovery or at trial, including aggravation of a pre-existing condition(s).

V. **Causes of Action**

28. Plaintiff is a natural person provided with the right to defer payment of debts or to incur payment of debt and defer payment, and the credit offered or extended was primarily for personal, family or household purposes.

29. As a matter of law, Plaintiff and Defendants are "persons."

30. Originating Lender and Servicer regularly extend consumer credit, six (6) or more loans per year, two (2) or more high cost mortgages per year, and one (1) or more of such high cost mortgages through a broker.

31. This loan was a federally related mortgage loan, made by a federally-insured depository lender, is HUD-related, and was intended to be sold on the secondary market or to creditors who make or invest more than one million dollars a year in residentially secured loans.

**COUNT I**
**Unfair Trade Practices And Consumer Protection Law ("UTPCPL")**
*All Defendants*

32. The UTPCPL, 73 P.S. §201-1, et seq., proscribes, *inter alia*, engaging in any "unfair or deceptive acts and practices" either at, prior to, or subsequent to a consumer transaction.

33. As described, the actions of Defendants constitute unfair or deceptive acts and practices under the UTPCPL, of which Plaintiff justifiably relied, additionally including, *inter alia*:

> a. Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of services, §201-2(4)(ii);

10

b. Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another, §201-2(4)(iii);

c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that person does not have, §201-2(4)(v);

d. Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made, §201-2(4)(xiv);

f. Defendants misrepresented to Plaintiffs the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. §201-3.1; 37 Pa. Code §303.3(3);

g. Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

h. Defendants imposed credit costs expressly prohibited by Federal and Pennsylvania law, and failed to comply with TILA/HOEPA, RESPA, ECOA, FDCPA, CSA, UCC Articles 3 & 9, Rules and Regulations promulgated by the FTC, and the FCEUA, which are per se violations of the UTPCPL;

i. Defendants misrepresented to Plaintiffs that the loan would be beneficial when in fact it was not; and Defendants knew it was not, 79 P.S §202-1(v);

j. Defendants misrepresented the characteristics or benefits of the loan; or

k. Failing to provide a contract in the form required specifically including a lawful and accurate notice of right to cancel, §201-7.

VI. Prayer for Relief

11

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, individually, and jointly and severally, in an amount in excess of fifty thousand dollars ($50,000), plus such other and further relief as this Honorable Court deems necessary and just.

VII. Jury Demand

Plaintiffs demand a trial by twelve (12) jurors

PROCHNIAK WEISBERG, P.C.

MATTHEW B. WEISBERG, ESQUIRE
REBECCA M. STEIGER, ESQUIRE
Attorney for Plaintiff

12

## VERIFICATION

The facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. The language of this pleading is that of counsel and not of signer. This verification is made subject to the penalties of 18 PA C.S.A. §4904 relating to unsworn falsification to authorities.

_____
Signature

Matthew R. Weisberg
Print name

Attorney for Plaintiff
TITLE

Date: 5/1/09